LDM:BDM:BGK
F.# 2010R02301

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 13 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

ROBERT PETROSYANTS,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

AMENDED
ORDER OF FORFEITURE

11-CR-591 (S-2) (FB)

WHEREAS, on February 21, 2014, ROBERT PETROSYANTS (the "Defendant"), entered a plea of guilty to an Information charging a violation of 18 U.S.C. § 371; and

WHEREAS, the Defendant has consented to the entry of a forfeiture money judgment in the amount of six hundred sixty-seven thousand, four hundred forty six dollars and eight cents ($667,446.08) (the "Forfeiture Money Judgment") pursuant to 31 U.S.C. § 5317(c), as property, real or personal, involved in a violation of 18 U.S.C. § 371, a conspiracy to violate 31 U.S.C. § 5324(a)(2), and any property traceable to such property, and/or pursuant to 21 U.S.C. § 853(p) as substitute assets.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

    1.    The Defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 31 U.S.C. § 5317(c) and 21 U.S.C. § 853(p).

2. All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "Customs and Border Protection," with the criminal docket number noted on the face of the check. The Defendant shall cause said checks to be sent by overnight delivery to Assistant United States Attorney Brendan G. King, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid not later than thirty (30) days in advance of the date of Defendant's sentencing (the "Final Due Date"). If the Forfeiture Money Judgment is not paid in full or on before the Final Due Date, interest on the Forfeiture Money Judgment shall accrue on any unpaid portion at the judgment rate of interest from that date.

3. If the Forfeiture Money Judgment is not received as provided above, the Defendant consents to the forfeiture of any other property alleged to be subject to forfeiture in the second superseding indictment and/or any other property up to the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate any transfer of title to the United States. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

4. The Defendant knowingly and voluntarily waives his right to any required notice concerning the entry and payment of the Forfeiture Money Judgment, including notice set forth in an indictment or information. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said money, and waives all

constitutional, legal and equitable defenses to the forfeiture of said money, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The forfeiture of the money forfeited hereunder is not to be considered a payment of a fine, restitution loss amount, penalty, or of any income taxes that may be due, and shall survive bankruptcy.

5. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order. The United States alone shall hold title to the monies paid by the Defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

6. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

9. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward four (4) certified copies of this Order to the United States Attorney for the Eastern District of New York, Attention: William K. Helwagen, FSA Senior Law Clerk, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
        6/4/16, 2016

s/Frederic Block

HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE